UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV44-3-V

| | |
|---|---|
| ANDY WRIGHT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ATTORNEY GENERAL OF THE STATE OF )<br>NORTH CAROLINA, )<br>Respondent. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Habeas Petition," filed April 4, 2006 (Document No. 1.)

A review of the Petition reflects that on June 28, 2001Petitioner pled to the status of habitual felon and was sentenced to 80 to 107 months imprisonment. It appears that Petitioner did not directly appeal jis sentence or conviction or pursue the state collateral review process. Petitioner filed the instant § 2254 motion on April 4, 2006, almost over 5 years after pleading guilty.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

1

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner plead guilty on June 28, 2001 and did not file an appeal or pursue the state collateral review process. Thus, giving the Petitioner the benefit of all reasonable calculations, his conviction became final 14 days from the date judgment was entered, around July 12, 2001. Therefore Petitioner had until July 12, 2002 to file his § 2254 motion. Petitioner did not file the instant Motion to Vacate until April 4, 2006 – that is, almost four years after the expiration of the limitations period.

Prior to early 2002, federal district courts routinely dismissed habeas petitions which – like this one – appeared on their face to be time-barred under the AEDPA. However, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court held that "when a federal habeas court, prior to trial, perceives a pro se petition to be untimely and the [government] has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation . . . "

Consequently, this Court now shall give the Petitioner twenty (20) days in which to file a document explaining why this Petition should be construed as timely filed.

2

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that:

1) Within twenty (20) days of the date of this Order, the Petitioner shall file a document, explaining why the instant petition should be construed as timely filed.

2. The Clerk shall send a copy of this Order to the Petitioner.

**SO ORDERED**.

Signed: April 19, 2006

Graham C. Mullen
United States District Judge