UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV44-3-V

ANDY WRIGHT,                             )
                                         )
    Petitioner,                          )
                                         )
        v.                               )        O R D E R
                                         )
ATTORNEY GENERAL OF THE STATE OF         )
NORTH CAROLINA,                          )
    Respondent.                          )
                                         )

**THIS MATTER** is before the Court on initial review of Petitioner's Petitioner's 28 U.S.C. § 2254 Habeas Petition," filed April 4, 2006 (Document No. 1.)

### I. Factual and Procedural Background

A review of the Petition reflects that on June 28, 2001Petitioner pled to the status of habitual felon and was sentenced to 80 to 107 months imprisonment. It appears that Petitioner did not directly appeal his sentence or conviction or pursue the state collateral review process. Petitioner filed the instant § 2254 motion on April 4, 2006, almost over 5 years after pleading guilty.

Pursuant to the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), the Court send Petitioner a notice pursuant to Hill, allowing Petitioner to file a document explaining why his petition should be deemed timely filed. On May 5, 2006 Petitioner filed a document in response to this Court's Hill notice explaining that his Petition is late because he "did not know what a writ of habeas corpus or motion § 2255 are used for, nor even heard tell of

1

them up until about two weeks prior to filing the writ into this Court." (Document No. 3 at 3.)

The short response is to note that Petitioner filed the instant habeas petition almost four years too late and his stated reason for doing so does not justify equitable tolling.

## II. <u>Analysis</u>

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner plead guilty on June 28, 2001 and did not file an appeal or pursue the state collateral review process. Thus, giving the Petitioner the benefit of all reasonable calculations, his conviction became final 14 days from the date judgment was entered, around July 12, 2001. Therefore Petitioner had until July 12, 2002 to file his § 2254 motion. Petitioner did not file the instant habeas petition until April 4, 2006 – that is, almost four years after the

2

expiration of the limitations period.

By way of explanation for his late petition, Petitioner argues that he did not know what a habeas corpus petition or a 2255 motion were used for and he filed the instant petition as soon as he became aware of the relief afforded in a habeas corpus petition.

In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. Id. at 688. It is reserved for those situations where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4h Cir .2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" Prescott, 221 F.3d at 688, citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner basically claims that he filed his Petition as soon as he became aware of the relief afforded in a 2254 petition. Petitioner fails to establish that his stated reason for filing his Petition almost four years too late qualifies as extraordinary, out of his control and which prevented him from filing his § 2254 petition on time. Petitioner's stated reason for failing to timely file his habeas corpus petition will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period

3

merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).  Therefore, the Petitioner's Writ of Habeas Corpus Petition must be dismissed as it is untimely.

For the foregoing reasons, this Court concludes that Petitioner's April 4, 2006 habeas corpus petition is untimely, does not qualify for equitable tolling, and therefore must be dismissed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Habeas Petition pursuant to 28 U.S.C. § 2254 (Document No. 1) is dismissed as untimely.

**SO ORDERED.**

Signed: May 9, 2006

Graham C. Mullen
United States District Judge